**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

JACQUELINE PALMER                                                                                        PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:06-CV-236-HTW-LRA

FAIRWAY LENDING CORPORATION
AND JOHN DOES ONE THROUGH FIVE                                                   DEFENDANTS

**ORDER DIRECTING ARBITRATION**

Before the court is the motion of the defendant Fairway Lending Corporation to compel arbitration. The plaintiff has not responded.

The plaintiff filed this matter in state court, contending Fairway Lending Corporation wrongfully repossessed a 2002 Ford Ranger pick-up truck. The defendant removed the case to this court based on diversity and a total demand of $150,000.00 in actual and punitive damages.

Under 28 U.S.C. § 1332(a) this court may exercise jurisdiction over a case if the amount in controversy exceeds $75,000.00 and the parties to the case are citizens of different states. Since the Supreme Court's decision in *Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806), § 1332 's diversity requirement has been interpreted as requiring complete diversity. *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). Complete diversity exists "only if there is no plaintiff and no defendant who are citizens of the same State." *Id*. Additionally, this court consults a plaintiff's state court complaint to determine the amount in controversy which must be in excess of $75,000.00.

*Manguno v. Prudential Property & Casualty Insurance Company*, 276 F.3d 720, 723 (5th Cir. 2002). The complaint in the instant case contains two counts. The plaintiff's ad damnum clause seeks $75,000.00 under each count for a total possible recovery of $150,000.00. This court has jurisdiction over this matter.

The defendant shows that the plaintiff voluntarily executed an arbitration agreement which was signed separately from the other provisions of a customer purchase order. The agreement states in part that, "... all claims, demands, disputes, or controversies of every kind or nature between them arising from, concerning or relating to . . . the arrangements for financing; . . . lease or financing of the vehicle; . . . or any other aspect of the vehicle and its sale, lease, or financing ... ." Furthermore, the defendant submits that the plaintiff "agreed that the Arbitration Agreement would inure to the benefit 'of any lease or financing transaction covered by this Agreement, as well as their respective successors and assigns.'"

The plaintiff offers no objection to the defendant's submissions. Therefore, this court finds that there exists a binding arbitration agreement between the parties to this action. Title 9 U.S.C. § 3 of the Federal Arbitration Act provides that, "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, provided the applicant for the stay is not in default in proceeding with such arbitration." Agreements to arbitrate are creatures

of contract and there exists a presumption in the law which favors arbitration.  *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765, 785 (1983).   The Federal Arbitration Act (FAA), "simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Jr. University*, 489 U.S. 468, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488, 499 (1989).  This court is required to determine whether the parties agreed to arbitrate their disputes and has done so in this case.  *Harvey v. Joyce*, 199 F.3d 790, 793 (5th Cir. 2000).   The intent of the parties is determined by employing the state law rules of contract construction.  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).  "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H. Cone*, 460 U.S. 1, 103 S.Ct. 927, 941.

      Based on the foregoing, the defendant's motion to compel arbitration [**Docket No. 3**] is granted.  This case hereby dismissed.

      **SO ORDERED** this the 5th day of March, 2007.

                        s/ HENRY T. WINGATE
                        CHIEF UNITED STATES DISTRICT JUDGE

CIVIL ACTION NO. 3:06-CV-236-HTW-LRA
Order granting arbitration